NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-27-HRW

EDWARD GARLINGER                                               PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, ET AL.                               DEFENDANTS

       The plaintiff, Edward Garlinger, who is currently confined in the Little Sandy Correctional Complex ("LSCC) in Sandy Hook, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. He has also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 2]. The Court will address the motion to proceed *in forma pauperis* by separate Order.

       This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

       To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

       This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a

court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff alleges that the defendants have engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States Constitution. He claims that the medical staff at the LSCC has failed to provide proper and necessary medical treatment for a painful condition from which he suffers, "DVT" (Deep Vein Thrombosis, or Thrombophlebitis). He further alleges that he requires special shoes to accommodate his condition, and that he has been required to take remedial efforts on his own in order to alleviate his pain, such as purchasing sports shoes from the canteen. He states that he is in constant pain and that the medical staff ignores his condition; fails to monitor his condition; and fails to administer his medication as prescribed.

## NAMED DEFENDANTS

The plaintiff names the following defendants: (1) Gary Beckstrom, the warden of the LSCC; (2) Scott A. Haas; and (3) LSCC Medical Staff.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff submitted a preprinted §1983 complaint form, to which he attached several documents. The first set of documents consists of the plaintiff's discharge records from Western Baptist Hospital, dated March 29, 2005. Those records document his DVT condition.[1]

Second, the plaintiff attached an Informal Grievance dated November 4, 2005, which the LSCC marked as having received on November 7, 2005. The Grievance number is identified as 05-

---

[1] These records also reflect that the plaintiff was prescribed the drug Warfarin to prevent future blood clots from forming.

2

219. The Informal Grievance was signed by the plaintiff and a Grievance Aide. The plaintiff stated that he had "made all efforts" to heal the problems with his legs and feet, and that his condition required him to wear special shoes. He stated that his condition had worsened and that he did not have the funds to continue treatment with lotions that did not work.

Under the Section entitled "ACTION REQUESTED," the plaintiff stated as follows: "I need shoes to ease the pain and help modify the blood circulation." At the bottom of the Informal Grievance, an LSCC staff member (the name of whom is not legible) responded that "Shoes cannot be ordered unless authorized by MD & approved."

Third, the plaintiff attached two separate letters/notices addressed to him. Both letters are entitled "Health Care Grievance Committee Findings and Recommendations"; both are dated 11-22-05; and both were prepared by Sarah N. Sandin, RN, Nurse Consultant.[2] In the first letter/notice, which refers to Grievance # 05-219-LSCC, Sandin stated that the Health Care Grievance Committee (consisting of one doctor and two nurses) had reviewed the plaintiff's grievance and had rejected his complaints. Sandin stated that the Committee had concluded that the plaintiff's concerns "are closely monitored by the doctor. If you feel you need special shoes, please discuss this with your doctor."

In the second letter/notice, which refers to Grievance # 05-220-LSCC, Sandin stated that the Health Care Grievance Committee (consisting of the same members identified above) had reviewed the plaintiff's grievance and had rejected his complaints.[3] They based their rejection on the medical

---

[2] Both letters were written on official state letterhead which reads as follows: "Commonwealth of Kentucky, Department of Corrections, Adult Institutions, P.O. Box 2400, Frankfort, Kentucky 40602-2400."

[3] The plaintiff did not attach to his complaint the Informal Grievance bearing the number of 05-220.

department's information that the plaintiff's blood level is to be drawn every two weeks, and that "the results continue to be good."

Fourth, the plaintiff attached to his complaint his appeal, dated December 12, 2005, of the Health Care Grievance Committee's decision as to Grievance Number 05-219. No separate appeal of Grievance Number 05-220 was filed, but it appears that the appeal covered issues raised in both 05-219 and 05-220. In his appeal, he disputed the Committee's conclusion that his blood level was being monitored at LSCC; alleged that his blood level had not been tested for over a month; alleged that his condition and pain had substantially worsened; stated that he needed shoes which would improve his circulation; and closed by stating that he had "inherited this problem while imprisoned."

Fifth, the plaintiff attached a third letter/notice addressed to him, on the same official state letterhead as Sandin had used, from Scott A. Haas, M.D. "Medical Director."[4] The letter is dated 1-19-06 and is entitled "Health Care Grievance Final Administrative Review." Dr. Haas denied the appeal, noting that after review of the Committee's conclusions and the appeal, there was nothing in the record to indicate that a medical provider had recommended that the plaintiff wear special shoes. Haas makes no reference to the plaintiff's other claim that LSCC had failed to monitor his blood and/or properly administer medications.

The complaint alleges that the defendants have denied him the proper medical care. He reiterates that the medical staff has not monitored his blood at the proper intervals, has not given him his medicine as and when needed, has refused to provide him with shoes which would help his condition, and he alleges that his pain is acute and ongoing

---

[4] Haas does not state of what facility or entity is the "Medical Director," but the Court assumes it is the LSCC.

<u>RELIEF REQUESTED</u>

The plaintiff asks that the Kentucky Department of Corrections ("KDOC") be ordered to "help" him, in an unspecified manner, with his problem. He seeks injunctive relief, asking that the Medical Department (presumably of LSCC) be ordered to engage a specialist to examine and evaluate him [Complaint Form, §V].

<u>DISCUSSION</u>

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999). Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it.

The Kentucky Department of Corrections ("KDOC") has promulgated a set of administrative regulations at 501 K. A. R. 6:010, which govern prison grievance procedures. They are referred to as "Corrections Policies and Procedures" ("CPP"). The CPP which addresses inmate grievances is found in Policy Number 14.6. According to the provisions of the *Inmate Grievance Process*, §I (1) of CPP Policy Number 14.6, a prisoner in a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head, or institutional staff.

If the attempt at informal resolution fails, he must seek a hearing before the Grievance Committee [*Id.*, §(2)]. The Committee's decision must be forwarded to the warden, who is

responsible for making a final written decision [*Id.*, §2(c)-(d)]. Finally, a prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections by using a specific form described in §3(a)(1)-(4) of the *Inmate Grievance Process*.

In order to meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Jones v. Bock*, 2005 WL 1400205, *1 (6th Cir.(Mich. June 15, 2005) (Not selected for publication in the Federal Reporter).

Although in the instant proceeding Dr. Haas did not address the blood-monitoring claim, it appears that the plaintiff followed both the Grievance Aide and Grievance Committee steps concerning both of his current claims: failure to monitor his blood at proper intervals and failure to provide special shoes. However, it does not appear that with regard to either claim, he pursued at least one of the remaining two administrative remedies as required in CPP 14.6. Specifically, he did not allege or otherwise demonstrate that he attempted to file an appeal of either Haas' denial of his request for special shoes, *or* the issue regarding the alleged failure to monitor his blood level, to the Commissioner of the KDOC as required by CPP §14.6.[5]

Unless the record demonstrates that the requirements of §1997e(a) have been met, the Court

---

[5] Under CPP §14.6 (I)((2)(b)(1), a Grievance Committee decision must technically be appealed to the Warden ( here, Defendant Gary Beckstrom) and then to the Commissioner of the KDOC. It appears that Warden Beckstrom may have delegated his authority to decide the plaintiff's appeal to Dr. Haas, who appears to be the Medical Director of the LSCC and is presumably under Beckstrom's authority. Although it appears that Dr. Haas may have rejected the plaintiff's other claim that his blood was not being properly monitored, the plaintiff provided no documentation to verify that assumption.

is required to dismiss an action without prejudice. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Id.* For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999).

The plaintiff's failure to demonstrate that he take the final step of appealing his claims to the Commissioner of the KDOC requires the Court to dismiss the complaint, without prejudice to his refiling a new civil action after he completes the entire exhaustion process.[6]

### CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This March 27, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

---

[6]
 The Court finds persuasive a recent unpublished Sixth Circuit opinion dated December 5, 2005, which affirmed an order of dismissal which Judge Hood entered earlier this year in *Norbert Steven Wilcox v. Travis Bowen*, Lexington Civil Action No. 05-CV-120-JMH. In that case, Wilcox complained about several aspects of the conditions of his confinement at the Northpoint Training Center. The plaintiff claimed that he did not file an appeal with the KDOC Commissioner because he suspected that the grievance he filed at Northpoint Training Center might have been "destroyed." Judge Hood determined that because Wilcox had not appealed the jail's decisions to the KDOC Commissioner as required by CPP §14.6, he had not demonstrated that he had *fully* exhausted his claims. On appeal, the Sixth Circuit agreed with Judge Hood, specifically concluding that the plaintiff's failure to follow all of the steps within the KDOC's scheme justified dismissal for failure to exhaust.